**SEND**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4523 PA (SHx) | Date | July 14, 2010 |
|---|---|---|---|
| Title | William Bondurant, et al. v. Chrysler Group LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS

On June 18, 2010, defendant Chrysler Group LLC ("Defendant") filed a Notice of Removal in which it alleged that the Court possessed jurisdiction over this matter because it is a "civil proceeding arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334. On July 13, 2010, the Court accepted a stipulation filed by the parties striking portions of the Complaint. That stipulation includes an agreement by plaintiffs that they will not seek "damages that are not recoverable against Chrysler Group LLC . . . and that they will not seek to recover any damages other than those specifically provided for in the bankruptcy order referenced above."

As a result of the parties' stipulation, it now appears that there is no possibility that this action "could conceivably have any effect on the estate being administered in bankruptcy." Fietz v. Great W. Sav., 852 F.2d 455, 457 (9th Cir. 1988). The Court therefore orders Defendant to show cause in writing why this action should not be remanded to Los Angeles Superior Court because the Court lacks subject matter jurisdiction, or should not exercise its discretion to dismiss or remand this action because all claims over which the Court had original jurisdiction have been resolved. See 28 U.S.C. 1367(c) & 1447(c). Defendant's response to this order to show cause shall be filed by July 21, 2010.

IT IS SO ORDERED.